UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEVIN KEYON WATSON,

Petitioner,

v. Case No. 3:18cv84-MCR-HTC

MARK S. INCH,[1]

Respondent.
_________________________/

ORDER and
REPORT AND RECOMMENDATION

Petitioner Tevin Keyon Watson ("Watson") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF Doc. 1). Respondent ("the State") responded, providing relevant portions of the state court record. (ECF Doc. 13). Watson did not reply although invited to do so. (*See* ECF Doc. 15). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Watson's habeas petition should be dismissed as untimely.

[1] Mark S. Inch succeeded Julie L. Jones as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d).

BACKGROUND AND PROCEDURAL HISTORY

On October 2, 2013, Watson was convicted of aggravated battery involving actual possession and discharge of a firearm (Count I) and aggravated assault involving actual possession and discharge of a firearm (Count II) in Escambia County Circuit Court Case No. 2012-CF-5852. (Doc. 13, Ex. A, p. 40 (jury verdict), pp. 54-62 (judgment)).[2] Watson was sentenced to concurrent terms of 20 years' imprisonment pursuant to § 775.087(2)(a)(2), Fla. Stat., known as the 10-20-life statute. (Ex. A, pp. 54-62). The Florida First District Court of Appeal ("First DCA") affirmed the judgment on February 24, 2015, per curiam without opinion. *Watson v. State*, 158 So. 3d 572 (Fla. 1st DCA 2015) (Table) (copy at Ex. H).

On May 16, 2016, Watson filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, (Ex. I, pp. 9-71), which he later amended. (Ex. I, pp. 74-99). On March 1, 2017, the state circuit court summarily denied relief without an evidentiary hearing. (Ex. I, pp. 100-380). On March 27, 2017, Watson moved for rehearing, which was denied on April 5, 2017. (Ex. I, pp. 385-86). On May 9, 2017, Watson filed a notice of appeal to the First DCA. (Ex. I, pp. 387-88).[3] The appeal was assigned Case Number 1D17-1991. (Ex. J). On May 22, 2017, the

---

[2] All references to exhibits are to those provided at Doc. 13. Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom-most center of the page.

[3] The Notice of Appeal is dated May 9, 2017, and was docketed by the clerk on May 10, 2017.

First DCA ordered Watson to show cause within ten (10) days why the appeal should not be dismissed as untimely. (Ex. J). After Watson failed to timely respond, the appeal was dismissed on June 29, 2017. (Ex. J).

On or about July 31, 2017, Watson filed a petition for belated postconviction appeal under Florida Rule of Appellate Procedure 9.141(c) in the First DCA. (*See* ECF Doc. 1, p. 23). The petition was assigned Case No. 1D17-3051.[4] *See* http://onlinedocketsdca.flcourts.org. The First DCA denied the petition on September 28, 2017, and denied rehearing on November 28, 2017. *See Watson v. State*, 235 So. 3d 812 (Fla. 1st DCA 2017) (Table).

Watson filed his *pro se* federal habeas petition on January 5, 2018, raising two claims of ineffective assistance of counsel. (ECF Doc. 1). The State asserts three defenses: (1) the petition is time-barred; (2) Watson's claims are procedurally defaulted; and (3) Watson's claims are without merit. (ECF Doc. 13).

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Watson's § 2254 petition, because the petition was filed after AEDPA's effective date – April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

[4] Watson's first name appears on the First DCA's docket as "Tevein" instead of "Tevin".

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Watson does not assert that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date his judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Watson's judgment became final under § 2244(d)(1)(A), on May 25, 2015 – 90 days after the First DCA's February 24, 2015, judgment – when his time for filing a certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. §

2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that petitioner's limitations period began to run 90 days after the Florida appellate court affirmed his conviction). Watson's limitations period began to run one day later, on May 26, 2015, and expired one year later, on May 26, 2016, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Watson allowed 356 days of the limitations period to pass before filing his Rule 3.850 motion on May 16, 2016.[5] As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled until May 5, 2017, the date the

[5] The year 2016 was a "leap year", so February had 29 days.

30-day period to timely appeal the circuit court's final order expired. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that Florida prisoner's postconviction motion remained "pending" under § 2244(d)(2), until the appeal period expired). Although Watson filed a notice of appeal of the state circuit court decision denying his motion for rehearing on May 9, 2017, that appeal was untimely and therefore the pendency of that appeal **did not** toll the limitations for filing his § 2254 petition. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (holding that a state postconviction petition remains pending for purposes of § 2244(d)(2) during the time between a lower court's adverse ruling on the motion and the petitioner's filing of a timely notice of appeal); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (clarifying and emphasizing that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."); Fla. R. App. P. 9.110(b) (requiring that a notice of appeal be filed within 30 days of rendition of the order to be reviewed); Fla. R. App. P. 9.140(b)(3) (same); Fla. R. App. P. 9.020(h) (providing that when a timely motion for rehearing is filed, rendition is tolled until the filing of a signed, written order disposing of the motion for rehearing).

Accordingly, Watson's federal habeas clock started running again on May 6, 2017, and ran for nine (9) days until it expired on May 15, 2017.[6] Watson's habeas petition, filed on January 5, 2018, is, thus, untimely by almost eight (8) months.

Watson's 9.141 petition for belated postconviction appeal, which was denied, also did not statutorily toll the limitations period under § 2244(d)(2) for two reasons. First, it was filed on July 31, 2017, **after** the federal habeas limitations period had already expired. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court application for postconviction or other collateral review cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Second, a state petition for a belated appeal does not qualify as an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), because it does not trigger a re-examination of the conviction or sentence. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015) (holding that Florida prisoner's petition for belated postconviction appeal did not statutorily toll the one-year limitations period for filing a federal habeas petition, because "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).").

[6] The 9th day fell on May 14, 2017, which was a Sunday. Accordingly, Watson had until the end of the following day to file his petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

Page 8 of 13

Watson contends, in response to a question on the petition form directing him to explain why his petition is not time barred, that he was "unable" to timely appeal from the denial of his Rule 3.850 motion because the state circuit court mailed the order denying rehearing to the wrong address. (ECF Doc. 1, p. 23). In his Rule 3.850 Notice of Appeal, Watson explained as follows:

> NOTICE IS GIVEN that the Defendant, TEVIN WATSON appeals to the District Court of Appeal for the First District, the initial "Order Denying Defendant's Motion for Postconviction Relief, and the attached Final Order Denying Motion for Rehearing on Defendant's Motion for Postconviction Relief dated April 4, 2017 but **not served on the Appellant until the week of April 17, 2017**. The Clerk of Court mailed the Denial Order on April 7, 2017 (see **Exhibit A, Postmarked Envelope**) to the defendant at Apalachee Correctional Institution, West Unit, however the Defendant had transferred to the East Unit and service of the final order did not occur until the week of April 17, 2017 making this Notice timely.
>
> Additionally, the Defendant relies on Fla.R.App.P. Rule 9.420 that provides an extra five (5) days to be added to any deadline regarding any prescribed order or notice received via regular mail. Since the Order being appealed is dated April 4, 2017, the deadline for filing this Notice of Appeal timely would be extended until May 9, 2017.

(Ex. I, p. 387) (bold and underscoring in original).

Watson's arguments do not alter the conclusion that his federal petition is time barred. The fact that Watson did not receive the state court's order until the week of April 17, 2017, did not prevent him from timely filing his notice of postconviction appeal, because he still had eighteen (18) days to prepare the notice – a rudimentary pleading – and deliver it to prison officials for mailing by the May 5, 2017, deadline.

*See Garza v. Idaho*, No. 17-1026, 2019 WL 938523, at *4, 5 (U.S. Feb. 27, 2019) (describing the filing of a notice of appeal as "a purely ministerial task that imposes no great burden" and "a simple nonsubstantive act").

Watson's argument that his notice of appeal was timely because the 30-day filing deadline was extended by five (5) days due to service by mail is also incorrect as a matter of state law. Florida Rule of Appellate Procedure 9.420, which governs "Filing; Service of Copies; Computation of Time", provides that computation of time "shall be governed by Florida Rule of Judicial Administration 2.514." Fla. R. App. P. 9.420(e). The 5-day extension Watson references is contained in Judicial Administrative Rule 2.514(b), which provides:

> **(b) Additional Time after Service by Mail**. When a party may or must act within a specified time after service and service is made by mail, 5 days are added after the period that would otherwise expire under subdivision (a).

Fla. R. Jud. Admin. 2.514(b). Watson, however, was required to act within a specified time after rendition of the order, not service of it. Accordingly, Rule 2.514(b) does not apply. *See Donaldson v. State*, 136 So. 3d 1281, 1282 (Fla. 2d DCA 2014) ("Since 2012, Florida Rule of Appellate Procedure 9.420(e) has explained that the computation of time in appeals is governed by Florida Rule of Judicial Administration 2.514(b). That rule provides that the automatic five-day extension applies only when some act is required to be done after service of a

document by mail, not when the act is required to be done after rendition or filing of an order, even if the rendered order is mailed to the parties.") (citations omitted).

Watson's federal habeas petition is untimely. Watson has not shown he is entitled to additional statutory tolling or to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that a federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal petition) (internal quotation marks and citation omitted). Watson's untimely filing requires dismissal of this case. Because the limitations issue is dispositive, the court does not address the State's remaining defenses.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. Therefore, if there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that Mark S. Inch has been substituted as the respondent in this cause.

2. The clerk shall mail a copy of this order and report and recommendation to petitioner at his address of record (Okaloosa Correctional Institution), and the address indicated on the Florida Department of Correction's Offender Network (Hardee Correctional Institution).

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (ECF Doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Tevin Keyon Watson*, Escambia County Circuit Court Case No. 2012-CF-5852, be DISMISSED WITH PREJUDICE as time barred.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida, this 18th day of March, 2019.

                                                 */s/ Hope Thai Cannon*
                                                 **HOPE THAI CANNON**
                                                 **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.